UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| WILLIAM D. KING, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-80 |
| | ) | |
| SHERIFF JOHN HENSON, LIEUT. | ) | |
| FORREST SHARP, CAPT. WAYNE | ) | |
| MARKLAND, SGT. WENDEL | ) | |
| TREADWAY, JAILER CHARLOTTE | ) | |
| WALKER and DR. PAUL | ) | |

## **MEMORANDUM and ORDER**

William D. King, Jr., a prisoner who was formerly confined in the Carter County Jail, brings this *pro se* civil rights complaint for injunctive and monetary relief under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $250.00. Accordingly, the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's' inmate trust account;
  or
(b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint on March 21, 2005. 28 U.S.C. §

1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office.[1] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the Johnson County Jail, wherein the plaintiff is currently confined, to ensure full compliance with the fee-assessment procedures outlined in this memorandum.

In his complaint, and accompanying handwritten summary, the plaintiff alleges three general categories of claims:

  1) denial of reasonably safe conditions of confinement (the plaintiff, who was charged with child rape, was twice beaten, sustaining broken bones and elevated blood pressure from anxiety attacks which followed the beatings);[2]

---

[1] Send the payments to:
  Clerk, USDC
  220 West Depot Street, Suite 220
  Greeneville, TN 37743

[2] He also claims that, afterwards, he was housed, alone, in the Chapel in protective custody; that, later, twenty other inmates were placed in the Chapel; and that he was again

2

2) overcrowded conditions (15 to 16 inmates were housed in an 8-man cell block, with most inmates sleeping on the floor), unsanitary conditions (mold on the ceilings and walls and denial of cleaning supplies), poor maintenance (insufficient repairs to broken windows, which permitted cold air to enter the cells, condense, and facilitate the growth of black mold), and a lack of recreational opportunities (the plaintiff spent a total of 4½ hours outside during the year he was housed in the jail); and

3) denial of medical care for a host of illnesses and medical conditions from which the plaintiff suffers (including influenza, broken bones, blood sugar, blood pressure, asthma, foot fungus, arthritis, constipation, muscle spasms, and scalp, respiratory and mental problems), delay of dental care for a broken tooth, and denial of medication (a new doctor, without first seeing the plaintiff, discontinued his medications, except the one used to treat blood pressure). The plaintiff maintains that the above conditions and events violated his Eighth Amendment right not to be

---

beaten because a jailer (defendant Charlotte Walker) told other inmates about the nature of his charges. The plaintiff contends that he was then moved to the holding cell, where he stayed for sixty days, without a toilet, running water, a bunk, or regular access to showers or bathroom breaks. Finally, the plaintiff maintains that he was transferred to another jail because the lawyers who represented the Carter County officials in a class action lawsuit said that he was a liability.

3

subjected to cruel and unusual punishments.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Even where money damages are unavailable through a correctional facility's grievance process, a prisoner must still exhaust his state remedies. *Booth v. Churner*, 531 U.S. 956 (2001). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at 1104)).

In this case, the plaintiff maintains, in section II of his form complaint,

4

that he filled out grievances, but heard nothing from them for a year, until the Sheriff finally moved him to the Johnson County Jail. In the handwritten summary which accompanies the complaint, he explains that he filed grievances "on all these problems and never got a reply," though he also maintains that his asthma medication was restarted—but not his Zoloft—and that he also got a dentist appointment.

The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005).

The Court has reviewed all of the plaintiff's allegations concerning the exhaustion issue. He has not attached copies of any grievances nor specifically described the nature of the grievances, much less indicated whether he identified each defendant in any such a grievance. Apart from his conclusory assertions that he filed grievances on "all these problems," there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies on *all* claims asserted in his complaint. *See, e.g., Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL

5

1136022, **1 (6th Cir. Sept. 20, 2001).

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

ENTER:

                          s/Thomas Gray Hull
                          THOMAS GRAY HULL
                            SENIOR U. S. DISTRICT JUDGE